**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**CHERRY, BEKAERT & HOLLAND, et al., Defendants.**

No. 88–1147–CIV–T–15C.

United States District Court,
M.D. Florida,
Tampa Division.

March 1, 1990.

Alison Berman, Federal Deposit Ins. Corp., Washington, D.C., and Leonard H. Gilbert, Robert Pass, Chris S. Coutroulis, Mary Stenson Scriven, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for plaintiff.

Michael Minkin, Hermelee Cowart & Minkin, Miami, Fla., for defendants.

ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of defendant Cherry Bekaert & Holland's ("Cherry Bekaert") Motion for Reconsideration of the Court's Order of November 28, 1989, 129 F.R.D. 188, (Dkt.151) and Cherry Bekaert's Request for Oral Argument with

respect thereto (Dkt.153) as well as FDIC's response (Dkt.167).

The order of the undersigned magistrate dated November 28, 1989 denied Cherry Bekaert's First and Second Motions to Compel Production of Documents.[1] After due consideration, the undersigned vacates that part of the order denying the Second Motion to Compel but reaffirms that part of the order denying the First Motion to Compel.

### I. Motion for Reconsideration of Second Motion to Compel

■ Cherry Bekaert urges that the portion of the November 28, 1989 order denying its Second Motion to Compel Production of Documents be set aside based in part on the Eleventh Circuit's holding in *FDIC v. Jenkins*, 888 F.2d 1537 (11th Cir.1989), *reh. denied* (11th Cir. February 24, 1990). Cherry Bekaert contends that the Eleventh Circuit in *Jenkins* undercut public policy arguments recognized by district courts in other circuits with regard to discovery of FDIC post-closing documentation.

After reviewing the memoranda of the parties and reexamining the arguments advanced by Cherry Bekaert with regard to the Second Motion to Compel, the undersigned concludes that federal policy of broad discovery under Rule 26, Fed.R. Civ.P., and a recent trend in Eleventh Circuit case law concerning the role of FDIC–Corporate while collecting on assets acquired following a purchase and assumption transaction, require reconsideration of the undersigned's prior ruling denying the Second Motion to Compel Production of Documents, which seeks post-closing documents related to the 41 loans at issue here.

In *Federal Dep. Ins. Corp. v. Harrison*, 735 F.2d 408 (11th Cir.1984), the Eleventh Circuit concluded that in a debt collection action brought by FDIC–Corporate following its purchase of assets through a purchase and assumption transaction, the FDIC was acting in a proprietary capacity primarily for commercial benefit. *Id.* at 411. Therefore, the court held that the FDIC was subject to an equitable estoppel defense raised by the guarantors of the promissory note. *Id.* at 412. The court reasoned that "when the FDIC acts in its corporate capacity as receiver, its liability must be determined in the same fashion as that of a private party." *Ibid.* The court stated further that:

> Although the debt collection activities of the Corporation, like the activities of any government agency, might be viewed in a broad sense as contributing to the accomplishment of the Corporation's purpose of maintaining a stable banking environment, FDIC was primarily serving the banking industry when it became receiver of the failed Southern National Bank.

*Ibid.*

Further, the Eleventh Circuit, in *Federal Dep. Ins. Corp. v. Jenkins*, 888 F.2d 1537 (11th Cir.1989), decided after the November 28, 1989 order of the undersigned magistrate, held that FDIC–Corporate was not entitled to assert absolute priority, based in part on FDIC's assertions of public policy grounds, over shareholders to assets of officers, directors, and other third parties. *Id.* at 1544. The court, while recognizing the policy considerations of maximizing recovery of the insurance fund asserted by the FDIC, held, nevertheless, that the Federal Deposit Insurance Act contained no intention to create such an absolute priority rule and that the court could not, therefore,

---

**1.** As Cherry Bekaert has raised the potential applicability of new case authority, the undersigned will address Cherry Bekaert's request for reconsideration.

The undersigned notes that Cherry Bekaert has filed contemporaneously with the instant motion a pleading styled "Objection to Pretrial Order of United States Magistrate" (Dkt.154) which relies on 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), which objects to the same

November 28, 1989 order and which is apparently addressed to the district court. However, Cherry Bekaert has also filed its Motion to Stay Briefing and Consideration of Cherry Bekaert's Objection to Pretrial Order by United States Magistrate Until the Pending Motion for Reconsideration Has Been Ruled Upon (Dkt.156) which indicates a primary desire by defendant that the undersigned address the motion for reconsideration first.

"approve judicial expansion of the express powers and rights granted to the FDIC." *Id.* at 1541.

In addition, the *Jenkins* court appeared to take a narrow interpretation of the use of the policy argument of maximizing the insurance fund when it stated:

Of course, it would be convenient to the FDIC to have an arsenal of priorities, presumptions and defenses to maximize recovery to the insurance fund, but this does not require that courts must grant all of these tools to the FDIC in its effort to maximize deposit insurance fund recovery. Any rule fashioned must have its base on the goal of effectuating congressional policy. We are not convinced that Congress considered collections against third parties such as the bank-related defendants in this case as a necessary part of the recovery to the deposit insurance fund. Any such priority over third-party lawsuits will have to come from Congress, not this Court.

*Id.* at 1546.

Although neither *Harrison* nor *Jenkins* dealt with the discoverability of post-closing loan files, the rationales of these two cases suggest that the public policy goal of maximizing the insurance fund should not insulate FDIC–Corporate from providing all relevant non-privileged discovery sought from a third-party sued by FDIC in connection with its purchase and assumption of assets of a failed bank.

While the only cases directly on point support FDIC's position, *see Federal Savings and Loan Insurance Corporation v. David B. Roy,* No. JFM–87–1227, 1988 WL 96570 (D.Md., June 28, 1988) [retrievable on LEXIS at 1988 U.S.Dist. LEXIS 6840]; and *Vogel v. Grissom,* No. CA3–89–467–D, order of magistrate (N.D.Tex. May 3, 1989) *aff'd.* by district court memo. op. (N.D.Tex. Sept. 7, 1989), and are the only cases dealing directly with discovery, the undersigned concludes that such cases are contrary to the rationales of the *Jenkins* and *Harrison* cases as well as the broad discovery rules. Therefore, the undersigned declines to follow these cases.

■ The aim of the liberal discovery rules is to make trial "less a game of blindman's bluff and more a fair contest." *Rozier v. Ford Motor Company,* 573 F.2d 1332, 1346 (5th Cir.1978), *reh. denied* (en banc) 578 F.2d 871 (5th Cir.1978). The parties to a federal civil suit should "consistent with recognized privileges ... obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

Cherry Bekaert's need to examine the post-closing loan files is strengthened by deposition testimony, cited by Cherry Bekaert in its motion for reconsideration, which indicates that the loss schedules prepared by the FDIC concerning the loans which are the subject of this suit contained estimates of the anticipated recoveries on unliquidated collateral, that post-closing documents were used in determining the estimates, and that the FDIC witness did not know how accurate the estimates were.[2] Moreover, Cherry Bekaert asserts that the majority of the loans in question involve unliquidated collateral.

FDIC seeks damages of $40 million against Cherry Bekaert, the outside auditors of Park Bank in 1983 and 1984 on the grounds of accounting malpractice. Park Bank closed in 1986. FDIC thereafter took over certain assets of Park Bank in a purchase and assumption transaction agreement later that year. At oral argument held on defendant's motions to compel, FDIC acknowledged that the damages it sought in this action were continuing and that the post-closing loan files would reflect whether the "bottom line" damages calculations provided to defendant were accurate.

The policy of full discovery evinced by Rule 26, Fed.R.Civ.P., requires that Cherry Bekaert be allowed to discover all non-privileged documents in the post-closing loan

---

**2.** Depo. of Donna Weston, cited by Cherry Bekaert at pp. 3–4 in memo. in support of motion for reconsideration (Dkt.152).

files at issue in this case and outweighs the public policy considerations cited by FDIC which concededly do not constitute any recognized privilege.[3]

The post-closing loan files sought by Cherry Bekaert appear to be "reasonably calculated to lead to the discovery of admissible evidence" under Rule 26, Fed.R.Civ.P. regarding damages and perhaps may also lead to admissible evidence on the issues of causation, mitigation of damages, and comparative negligence.[4]

Accordingly, the undersigned concludes that Cherry Bekaert's motion for reconsideration of the undersigned's ruling, insofar as it relates to its Second Motion to Compel, should be GRANTED and that defendants' Second Motion to Compel Production of Documents (Dkt.117) should be GRANTED to the extent of all non-privileged documents. Plaintiff shall produce to defendants for inspection and copying all non-privileged documents which are the subject of defendants' Second Motion to Compel Production of Documents within thirty (30) days of the date of this order.

## II. Motion for Reconsideration of First Motion to Compel

■ With respect to the portion of the undersigned's November 28, 1989 order which found that FDIC was entitled to assert the attorney-client privilege of Park Bank, Cherry Bekaert seeks reconsideration based on *Jenkins* and on a reargument of contentions previously considered and rejected by the undersigned.

The undersigned concludes that the *Jenkins* decision, although it indicated a trend in the utility of public policy arguments by the FDIC under certain circumstances, does not alter the conclusion reached concerning the FDIC's ability to assert the attorney-client privilege of Park Bank. As the undersigned noted in the November 28, 1989 order, given the clarification of Congress' intent in FIRREA that FDIC–Corporate may assert the attorney-client privilege of a failed bank, it was unnecessary to adopt the reasoning of the court in *Federal Deposit Ins. Corp. v. Ellis*, Civ. No. CV84–PT–2560–M, slip op. (N.D.Ala. Dec. 19, 1985) which dealt, in part, with public policy arguments advanced herein.

With regard to the applicability of FIRREA to resolution of the attorney-client issue, Cherry–Bekaert advances no new arguments on this issue which has been briefed extensively by the parties. Accordingly, the undersigned declines to reconsider the conclusion that the new statute enables FDIC–Corporate to assert Park Bank's attorney-client privilege.

Therefore, the undersigned concludes that Cherry Bekaert's Motion for Reconsideration with respect to its First Motion to Compel Production of Documents should be DENIED.

## III. Request for Oral Argument

As these issues have been the subject of numerous memoranda as well as a lengthy hearing before the undersigned on the motions to compel, the undersigned finds it unnecessary to conduct a hearing on Cherry Bekaert's Motion for Reconsideration. Therefore, Cherry Bekaert's request for oral argument is DENIED.

It is, therefore,

ORDERED:

(1) that defendant Cherry Bekaert's Motion for Reconsideration of the Court's Order of November 28, 1989 (Dkt.151), inso-

---

**3.** FDIC has asserted no other bases for resisting the discovery such as undue burden and expense. *See* Rule 26(b)(1), Fed.R.Civ.P. Cherry Bekaert has a pending Motion to Compel Production of Documents (Dkt.138) which seeks production of various documents, including portions of post-closing FDIC files, with regard to which FDIC has claimed attorney-client or work product privileges. This order shall in no way be construed as a ruling on FDIC's objections to production of documents on the grounds of privilege.

**4.** While cases in other circuits have decided these issues, there is no Eleventh Circuit precedent on whether these affirmative defenses are unavailable against the FDIC or FSLIC as plaintiff. The FDIC has filed a motion for partial summary judgment with respect to Cherry Bekaert's comparative negligence defense which is still pending for determination by the district court.

far as it relates to Cherry Bekaert's Second Motion to Compel, is GRANTED, but is DENIED insofar as it relates to Cherry Bekaert's First Motion to Compel;

(2) that Cherry Bekaert's Second Motion to Compel Production of Documents (Dkt. 117) is GRANTED insofar as Cherry Bekaert is entitled to receive all non-privileged post-closing documents relating to the 41 loans which are the subject of this lawsuit. Plaintiff shall produce to defendants for inspection and copying all non-privileged documents which are the subject of defendants' Second Motion to Compel Production of Documents within thirty (30) days of the date of this order;

(3) that Defendant Cherry Bekaert & Holland's Request for Oral Argument on its Motion for Reconsideration Of the Court's Order of November 28, 1989 (Dkt. 153) is DENIED.

DONE and ORDERED.